PORPORA et al., Appellees,

v.

GATLIFF BUILDING COMPANY et al., Appellants.

[Cite as *Porpora v. Gatliff Building Co.*, 160 Ohio App.3d 843, 2005-Ohio-2410.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 04CA0051–M.

Decided May 18, 2005.

844

Richard E. Dobbins and Elizabeth A. Dobbins, for appellees.

Andrew S. McIlvaine and James R. McIlvaine, for appellants.

MOORE, Judge.

{¶ 1} Appellants, Gatliff Building Company and Randy Gatliff, appeal from a decision of the Medina County Court of Common Pleas, denying their motion to stay proceedings pending arbitration. We affirm.

I

{¶ 2} Appellees, Michael and Lori Porpora, entered into a written contract with Gatliff Building Company for the construction of a home in Wadsworth, Ohio. The contract contained an arbitration clause. On December 22, 2003, appellees filed a complaint against appellants in the Medina County Court of Common Pleas, alleging claims of breach of contract, negligence, misrepresentation, fraud, and violations of the Ohio Consumer Sales Protection Act. On March 4, 2004, appellants filed a motion to stay the proceedings pending arbitration of the matter. Following a hearing, the trial court denied the motion on the ground that the arbitration clause was unconscionable.

{¶ 3} Appellants timely appealed, raising two assignments of error for our review. For ease of analysis, we will address the two assignments of error together.

II

### Assignment of Error No. 1

The trial court's denial, because the arbitration clause was allegedly substantively unconscionable, of appellants' motion to stay proceedings so the matter can be arbitrated under the American Arbitration Association rules was an abuse of discretion.

### Assignment of Error No. 2

The trial court's denial, because the arbitration clause was procedurally unconscionable, of appellants' motion to stay proceedings so the matter can be arbitrated under the American Arbitration Association rules was an abuse of discretion.

{¶ 4} In their two assignments of error, appellants maintain that the trial court erred in determining that the arbitration clause in the construction contract between the parties was substantively and procedurally unconscionable. We disagree.

{¶ 5} Generally, appellate courts review a trial court's disposition of a motion to stay proceedings pending arbitration under an abuse-of-discretion

standard. *Reynolds v. Lapos Constr., Inc.* (May 30, 2001), 9th Dist. No. 01CA007780, 2001 WL 577665. However, appellate courts review questions of law de novo. *Akron–Canton Waste Oil, Inc. v. Safety–Kleen Oil Serv., Inc.* (1992), 81 Ohio App.3d 591, 602, 611 N.E.2d 955. Because the instant case presents questions of law only, we will review the trial court's decision de novo. See *Hollinger v. Keybank Natl. Assn.*, 9th Dist. No. 22147, 2004-Ohio-7182, 2004 WL 3017223, at ¶ 7; *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161, at ¶ 13.

{¶ 6} Ohio's public policy encourages arbitration as a method to settle disputes. *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 711–712, 590 N.E.2d 1242. An arbitration provision may, however, be unenforceable on grounds existing at law or in equity for the revocation of a contract. R.C. 2711.01(A). One of those grounds is unconscionability. See *Eagle* at ¶ 29. The party seeking to establish that an arbitration clause is unconscionable must show that the provision is both procedurally and substantively unconscionable. Id. at ¶ 30, citing *Collins v. Click Camera & Video, Inc.* (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294.

{¶ 7} Procedural unconscionability concerns the formation of the agreement and occurs when no voluntary meeting of the minds is possible. *Bushman v. MFC Drilling* (July 19, 1995), 9th Dist. No. 2403–M, 1995 WL 434409, citing *Collins*, 86 Ohio App.3d at 834, 621 N.E.2d 1294. In order to determine whether a contract provision is procedurally unconscionable, courts consider the relative bargaining positions of the parties, whether the terms of the provision were explained to the weaker party, and whether the party claiming that the provision is unconscionable was represented by counsel at the time the contract was executed. *Eagle* at ¶ 31. Additionally, when "there are strong indications that the contract at issue is an adhesion contract, and the arbitration clause itself appears to be adhesive in nature," there is "considerable doubt that any true agreement ever existed to submit disputes to arbitration." *Williams v. Aetna Finance Co.* (1998), 83 Ohio St.3d 464, 473, 700 N.E.2d 859.

{¶ 8} Substantive unconscionability refers to the actual terms of the agreement. Contract terms are unconscionable if they are unfair and commercially unreasonable. *Bank One, N.A. v. Borovitz*, 9th Dist. No. 21042, 2002-Ohio-5544, 2002 WL 31312671, at ¶ 16, citing *Dorsey v. Contemporary Obstetrics & Gynecology, Inc.* (1996), 113 Ohio App.3d 75, 80, 680 N.E.2d 240.

{¶ 9} In order to determine whether a given contract provision is unconscionable, courts must examine the particular facts and circumstances surrounding the agreement. *Lightning Rod Mut. Ins. Co. v. Saffle* (Nov. 6,

1991), 9th Dist. No. 15134, 1991 WL 476511. We now turn to those facts and circumstances.

## Procedural Unconscionability

{¶ 10} At his May 18, 2004 deposition, Randy Gatliff, the president and owner of Gatliff Building Company, testified that since the company had been formed, each of its two standard construction contracts contained the arbitration clause that is at issue in this case. Gatliff also testified that he had never modified or removed the arbitration clause at the request of a customer and that if a customer was not willing to accept the language of the company's contract, he would instruct them to search for another home builder. Finally, Gatliff testified that he had not explained the arbitration clause to appellees and that he had not called their attention to the clause.

{¶ 11} Appellees each executed an affidavit and attached those affidavits to their brief opposing appellants' motion to stay proceedings. In those affidavits, appellees stated that they were not represented by counsel when they executed the construction contract and that this was their first experience with a construction contract. Appellees further stated that no employee of Gatliff Building Company had offered them any information on arbitration or discussed the clause with them. Lastly, appellees stated that at the time they executed the agreement, they did not know what arbitration meant.

{¶ 12} Randy Gatliff's own testimony characterizes the construction contract in general and the arbitration clause in particular as adhesive. Black's Law Dictionary (7th Ed.1999) 318–319 defines an adhesion contract as a "standard-form contract prepared by one party, to be signed by the party in a weaker position, usu[ally] a consumer, who has little choice about the terms." As Gatliff testified in his deposition, he had never modified or removed the arbitration clause contained in his company's standard contract, and he would not do business with a consumer who would not accept the language of that clause. Furthermore, it is undisputed that Gatliff neither pointed out the arbitration clause nor explained its contents to appellees, that appellees were unrepresented by counsel when they executed the contract, and that this was the first construction contract that appellees had experience with.

{¶ 13} In light of all the foregoing facts and circumstances, we conclude that the arbitration clause in the construction contract between the parties is procedurally unconscionable.

## Substantive Unconscionability

{¶ 14} The arbitration clause contained in the construction contract between the parties reads as follows:

All claims and disputes relating to this contract shall be subject to arbitration at the option of either the buyer or the contractor in accordance with the Arbitration Rules of the American Arbitration Association for the construction industry in effect at the time of the arbitration located in Medina County, Ohio. Written notice of demand for arbitration shall be filed with the other party to the contract and with the American Arbitration Association, within a reasonable time after the dispute has arisen. The buyer shall have no rights to seek or obtain arbitration until such time as the contractor has certified substantial completion in accordance with this agreement. An award in arbitration may be enforced and entered in a court of competent jurisdiction in the county in which the lot is located. Arbitration shall be mandatory for buyers and constitutes the sole method of buyer in seeking to enforce the provisions of this agreement.

{¶ 15} The clause is skewed in favor of the contractor, imposing significant restrictions upon the buyer alone. First, the clause prohibits the buyer from initiating arbitration until the contractor has certified substantial completion. By forcing the buyer to wait to seek relief, this provision of the clause threatens to thwart the buyer's efforts to mitigate damages. Additionally, the clause provides that arbitration is the only method through which the buyer is permitted to enforce the contract provisions. Among other consequences, this provision increases the financial hurdle the buyer must surmount in order to pursue a claim.

{¶ 16} The clause does not disclose either the costs of arbitration or the fact that those costs are substantially higher than the costs associated with a regular court proceeding. While it makes clear that the rules of the American Arbitration Association ("AAA") govern any arbitration proceeding initiated by either party, the clause makes no reference to the fees required by that group.

{¶ 17} Appellees attached the AAA's published rules and procedures to their brief opposing appellants' motion to stay proceedings. Those rules reveal that the fees required to pursue a claim vary with the amount of damages alleged. In their complaint against appellants, appellees alleged damages of at least $165,000.[1] According to the fee schedule published by the AAA, this alleged damages amount would require appellees to pay an initial fee of $2,750 upon filing their claims and an additional case-service fee of $1,250 if their case proceeded to an initial hearing. AAA Rule 50 does provide that the administrative fees may be deferred or reduced "in the event of extreme hardship on the part of any party." The rule makes clear, however, that such a deferral or reduction is entirely within

---

1. In their brief, appellees maintain that for purposes of determining the applicable arbitration fees, appellants had alleged damages of only $65,000. However, appellants have not offered an explanation for why $65,000 is the appropriate figure.

the discretion of the AAA. Moreover, the rule does not provide for a waiver of the fees. Lastly, the initial filing fee of $2,750 and the case-service fee of $1,250 do not reflect additional costs that will be incurred by the parties during the course of arbitration. AAA Rule 51 explains that the parties are responsible for the expenses of the arbitrator, witnesses, and AAA representatives, as well as the arbitrator's compensation.

{¶ 18} In the affidavits attached to their brief opposing appellants' motion to stay proceedings, Appellees stated that they could not afford to pay the fees required in order to arbitrate their claims. Appellants have challenged this statement by pointing out that appellees had arranged for appellants to build a $297,000 home. The fact that appellees felt able to afford the construction of a $297,000 home does not, on its own, belie their sworn statements that they are unable to expend the fees associated with arbitration.

{¶ 19} In light of all the foregoing facts and circumstances, we conclude that the arbitration clause in the construction contract between the parties is substantively unconscionable.

{¶ 20} Given our determinations that the arbitration clause in the construction contract between the parties is both substantively and procedurally unconscionable, we conclude that the trial court did not err by determining that the clause was unconscionable, and both of appellants' assignments of error are overruled.

## III

{¶ 21} Appellants' two assignments of error are overruled, and the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

SLABY, P.J., concurs.

CARR, J., dissents.