DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, James Hanson, Jr., Executor of the Estate of Athline Hanson, Deceased, appeals the decision of the Summit County Court of Common Pleas granting Appellee's (Valley View Nursing Rehabilitation Center, et. al.) motion to stay pending arbitration. We affirm the decision of the trial court.
 {¶ 2} Appellant filed a complaint for medical malpractice on March 7, 2005 against Appellee. On April 18, 2005, Appellee filed a motion to dismiss, or in the alternative, a motion to stay pending arbitration, alleging that Appellant executed an arbitration agreement with Appellee on behalf of his mother, decedent. In response, Appellant requested that the trial court hold Appellee's motion in order to conduct discovery. The trial court granted Appellant's motion, allowing 90 days to conduct discovery. On November 7, 2005, the trial court granted Appellee's motion to stay pending arbitration.
 {¶ 3} Appellant now appeals, asserting a sole assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court's granting of [A]ppellee's Motion to Stay Pending Arbitration was an abuse of discretion, as the arbitration agreement presented to [A]ppellant, as a representative of decedent, was procedurally and substantively unconscionable."
 {¶ 4} In his only assignment of error, Appellant argues that the trial court's decision granting a stay pending arbitration was an abuse of discretion because the arbitration agreement was procedurally and substantively unconscionable. We disagree.
 {¶ 5} As an initial matter, we note that Ohio public policy favors arbitration. Schaefer v. Allstate Ins. Co. (1992),63 Ohio St.3d 708, 711; see, also, Pfohl v. Steve Martin CustomHomes (Sept. 9, 1998), 9th Dist. No. 18962, at 4. "[U]nless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute[,]" a court should require arbitration per the contract. Neubrander v. Dean Witter Reynolds, Inc. (1992),81 Ohio App.3d 308, 311. It is uncontested that the asserted dispute is covered by the arbitration clause. Appellant maintains solely that the clause itself is unconscionable.
 {¶ 6} While policy prefers enforcement of an arbitration clause, that clause may be invalidated upon grounds existing in law or equity where the contract itself is invalid. R.C.2711.01(A). In this case, Appellant asserts that the arbitration clause was unconscionable, which is one of the grounds upon which an arbitration clause may be held unenforceable. Broughsville v.Ohecc, LLC, 9th Dist. No. 05CA008672, 2005-Ohio-6733, at ¶ 17.
 {¶ 7} Generally, this Court reviews a trial court's stay of proceedings pending arbitration under R.C. 2711.02 for an abuse of discretion. Pinette v. Wynn's Extended Care, Inc., 9th Dist. No. 21478, 2003-Ohio-4636, at ¶ 5. However, the unconscionability of a contract and its provisions is purely a question of law.Featherstone v. Merrill Lynch, Pierce, Fenner Smith, Inc.,159 Ohio App.3d 27, 2004-Ohio-5953, at ¶ 12. As a purely legal question, we review the trial court's determination of unconscionability de novo. Eagle v. Fred Martin Motor Co.,157 Ohio App.3d 150, 2004-Ohio-829, at ¶ 12.
 {¶ 8} "An unconscionable contract clause is one in which there is an absence of meaningful choice for the contracting parties, coupled with draconian contract terms unreasonably favorable to the other party." Eagle, at ¶ 30. In order to support a finding of unconscionability, a party must offer evidence that a contract is both substantively unconscionable, meaning that it contains unfair or unreasonable terms, and procedurally unconscionable, indicating that no voluntary meeting of the minds was possible. Id.
 {¶ 9} Procedural unconscionability concerns the "formation of the agreement and occurs when no voluntary meeting of the minds is possible." Porpora v. Gatliff Bldg. Co., 9th Dist. No. 04CA0051-M, 2005-Ohio-2410, at ¶ 7, citing Bushman v. MFCDrilling (July 19, 1995), 9th Dist. No. 2403-M. This Court has held that when determining procedural unconscionability, a reviewing court must consider factors bearing directly to the relative bargaining position of the parties such as "age, education, intelligence, business acumen, experience in similar transactions, whether the terms were explained to the weaker party, and who drafted the contract." Featherstone at ¶ 13, quoting Eagle at ¶ 31.
 {¶ 10} Substantive unconscionability goes to the terms of contract themselves. See Porpora at ¶ 8; Eagle at ¶ 31. Contractual terms are substantively unconscionable if they are unfair and commercially unreasonable. Porpora at ¶ 8, citingBank One, N.A. v. Borovitz, 9th Dist. No. 21042, 2002-Ohio-5544, at ¶ 16.
 {¶ 11} Where the "clauses involved are so one-sided as to oppress or unfairly surprise [a] party[,]" an arbitration clause is unconscionable. Neubrander, 81 Ohio App.3d at 311-312.
 {¶ 12} In the case at hand, we do not find that the arbitration clause was unconscionable. Appellant has failed to prove that the arbitration clause was procedurally unconscionable, one of the two necessary factors in demonstrating unconscionability. Eagle, at ¶ 30.
 {¶ 13} Decedent became a resident at the Appellee's nursing facility on January 23, 2004. On January 29, 2004, Appellant, decedent's power of attorney, signed an admission agreement stating in part "The Resident acknowledges that disputes under this Agreement may be submitted to arbitration, if the Resident elects to do so, by signing a separate agreement executed between the parties." Notably, the agreement expressly provided that "Agreeing to arbitration is not a condition of admission or continuing care." Appellant signed the admission agreement and then proceeded to sign the arbitration agreement, which stated in bold, capital letters at the top of the first page: "RESIDENT AND FACILITY ARBITRATION AGREEMENT (NOT A CONDITION OF ADMISSION — READ CAREFULLY)."
 {¶ 14} Appellant argues that the arbitration form was procedurally unconscionable because it was (1) a form contract not drafted by the Appellant, (2) Appellant was not given the authority to change the wording in the arbitration clause (3) he was not represented by an attorney when he executed the agreement, and (4) he did not realize that he was waiving his right to a jury trial by signing the agreement.
 {¶ 15} We agree that the arbitration clause was not drafted by the Appellant and that he may not have expressly been given the authority to change the wording of the arbitration clause. However, there is no evidence that Appellant was coerced into signing the arbitration agreement. In fact, the evidence shows that the opposite was true; agreeing to arbitration was expresslynot a condition or pre-requisite of admission. Appellant was free to reject the entire arbitration agreement. In fact, decedent had already been admitted into Appellees' care before Appellant signed the agreement; further evidence that signing the arbitration clause was not a prerequisite or a condition of admission.
 {¶ 16} While Appellant argues that the arbitration provision was unconscionable because he was not represented by an attorney at the time of execution, we note that there is no requirement in Ohio law that an attorney be present at the singing of a contract in order to have its terms upheld. Furthermore, the arbitration agreement provides that the resident "has the right to seek legal counsel concerning this Arbitration Agreement." Even if counsel was not present at the time of the signing, the resident was free to present it to an attorney or read it more carefully at his or her leisure and if so deciding could rescind the Arbitration Agreement "by written notice to the Facility from the Resident within thirty days of signature."
 {¶ 17} On the second page of the two page arbitration agreement, in bold, capital letters, the agreement states that:
"THE PARTIES UNDERSTAND * * * THAT BY ENTERING INTO THIS ARBITRATION AGREEMENT, THE PARTIES ARE GIVING UP AND WAIVING THEIR CONSTITUTIONAL RIGHT TO HAVE ANY CLAIM DECIDED IN A COURT OF LAW BEFORE A JUDGE AND A JURY, AS WELL AS ANY APPEAL FROM A DECISION OR AWARD OF DAMAGES."
 {¶ 18} Appellant was 60 years old at the time he executed the admission agreement and the arbitration provision. He testified that he worked as a manager for National Merchandising for five years, and has owned and operated his own advertising business since 1980. Since owning his own business, Appellant has established many clients, and for each, he enters into a written contract. No evidence was presented showing that Appellant was unable to read a two page arbitration agreement, or that he was unable to understand the terms of the agreement. Rather, the evidence shows that Appellant has attained a degree of sophistication that would enable him able to understand even more complicated business transactions.
 {¶ 19} Based on the above, we do not find that the arbitration clause was procedurally unconscionable. Accordingly, we overrule Appellant's assignment of error and affirm the decision of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. Moore, J. concur.