DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff/Appellant, Rodney L. Long ("Mr. Long"), appeals from the trial court's judgment in favor of Defendant, Northern Illinois Classic Auto Brokers ("NICAB") in the Cuyahoga Falls Municipal Court. We affirm.
 {¶ 2} On October 20, 2004, Mr. Long filed an action for breach of contract in the small claims division of the Cuyahoga Falls Municipal Court. The matter was subsequently moved to the regular docket of the Cuyahoga Falls Municipal Court and Mr. Long amended his complaint to assert an additional claim for violations of the Ohio Consumer Sales Practices Act ("OSCPA"). NICAB filed a motion to dismiss the amended complaint to which Mr. Long responded. NICAB then moved the court to stay the matter and to compel arbitration on December 29, 2004, to which Mr. Long responded on January 6, 2004. On April 13, 2005, the magistrate recommended the matter be stayed pending arbitration. Mr. Long objected to the magistrate's recommendation and NICAB responded to Mr. Long's objections. On May 4, 2005, the trial court referred the matter back to the magistrate to hold an evidentiary hearing on the matter.
 {¶ 3} An evidentiary hearing was held on July 28, 2005 and on August 2, 2005, and the magistrate recommended that the matter be stayed pending arbitration ("Magistrate's Report"). Mr. Long filed objections to the Magistrate's Report; however, the trial court limited its review solely to questions of law since Mr. Long had not produced a record as is required under Civ. R. 53(E)(3)(c). The trial court then adopted the findings of the magistrate on October 4, 2005 ("Original Order").
 {¶ 4} On May 10, 2006, Mr. Long appealed the Original Order, which appeal was dismissed for lack of a final appealable order. On May 17, 2006, the trial court entered a new order, from which Mr. Long now timely appeals raising two assignments of error for review.
 First Assignment of Error "The arbitration clause is unconscionable and unenforceable because it requires Long to travel to another state for arbitration and this violates the venue provision and the public policy underlying the purpose of the Ohio Consumer Sales Practices Act."
 {¶ 5} Mr. Long asserts that the arbitration agreement entered into by and between NICAB and Mr. Long on October 14, 2003 (the "Arbitration Agreement") is unconscionable because it violates the public policy behind the venue and jurisdiction language of the OCSPA.
 {¶ 6} "Generally, we review a trial court's disposition of a motion to stay trial pending arbitration under an abuse of discretion standard."Ball v. Ohio State Home Services, Inc., 9th Dist. No. 23063,2006-Ohio-4464, at ¶ 5; Porpora v. Gatliff Bldg. Co.,160 Ohio App.3d 843, 2005-Ohio-2410, at ¶ 5; Reynolds v. Lapos Constr., Inc. (May 30, 2001), 9th Dist. No. 01CA007780. "[T]he unconscionability of a contract and its provisions is purely a question of law." Ball, at ¶ 5, citingFeatherstone v. Merrill Lynch, Pierce, Fenner Smith, Inc.,159 Ohio App.3d 27, 2004-Ohio-5953, at ¶ 12; Eagle v. Fred Martin Motor Co.,157 Ohio App.3d 150, 2004-Ohio-829, at ¶ 13. Therefore, we review the trial court's determination of unconscionability de novo.Featherstone at ¶ 12, citing Eagle at ¶ 13. Under the de novo standard of review, this Court does not defer to the determinations of the trial court. Ball, at ¶ 5; Eagle at ¶ 11. Further, "[a] determination of unconscionability is a fact-sensitive question that requires a case-by-case review of the surrounding circumstances."Featherstone at ¶ 12, citing Eagle at ¶ 13.
 {¶ 7} "[P]ublic policy in Ohio favors arbitration as a means to settle disputes." Ball, at ¶ 6; Schaefer v. Allstate Ins. Co. (1992),63 Ohio St.3d 708, 711-712, 590 N.E.2d 1242; Porpora, at ¶ 6; Eagle at ¶ 14. Hence, "arbitration provisions are generally valid and enforceable pursuant to R.C. 2711.01(A)." Ball, at ¶ 6. "[W]hen examining an arbitration clause, a court must `bear in mind the strong presumption in favor of arbitrability and resolve all doubts in favor of arbitrability.'" Id., quoting Neubrander v. Dean Witter Reynolds,Inc. (1992), 81 Ohio App.3d 308, 311, 610 N.E.2d 1089. Notwithstanding the above, an arbitration provision may still be held unenforceable under the statute on "grounds that exist at law or in equity for the revocation of any contract." R.C. 2711.01(A). An arbitration provision may be held unenforceable on the grounds of unconscionability.Porpora at ¶ 6; Eagle at ¶ 29. To invalidate an arbitration clause on grounds of unconscionability, a party must establish that the provision is both procedurally and substantively unconscionable. Ball, at ¶ 6;Porpora at ¶ 6; Eagle at ¶ 30, citing Collins v. Click Camera Video,Inc. (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294.
 {¶ 8} "Procedural unconscionability concerns the formation of the agreement and occurs when no voluntary meeting of the minds is possible." Porpora at ¶ 7, citing Bushman v. MFC Drilling, Inc. (Jul. 19, 1995), 9th Dist. No. 2403-M. When determining procedural unconscionability, a court shall consider the relative bargaining position of the parties. Porpora at ¶ 7; Featherstone at ¶ 13;Eagle at ¶ 31. These factors include "`age, education, intelligence, business acumen, experience in similar transactions, whether terms were explained to the weaker party, and who drafted the contract.'"Featherstone at ¶ 13, quoting Eagle at ¶ 31.
 {¶ 9} "Substantive unconscionability goes to the terms of contract themselves." Ball, at ¶ 7; see Porpora at ¶ 8; Eagle at ¶ 31. If the terms of the contract are fair and commercially reasonable, the contract is not unconscionable. Ball, at ¶ 7; Porpora at ¶ 8, citing Bank One, N.A. v.Borovitz, 9th Dist. No. 21042, 2002-Ohio-5544, at ¶ 16.
 Procedural Unconscionability {¶ 10} Mr. Long asserts that the Arbitration Agreement is procedurally unconscionable because there was no meeting of the minds in the formation of the Arbitration Agreement. He asserts that on the day he signed the sales contract that forms the basis of the transaction between the parties, he was not aware of the arbitration agreement, which he signed the next day.
 {¶ 11} We begin by noting that Mr. Long did not order the transcripts of the July 28, 2005 and August 2, 2005 hearings before the magistrate for this Court's review and thus, the evidence arguably presented at those hearings, beyond that set forth in the Magistrate's Report and/or otherwise in the record, cannot be considered by this Court in rendering its opinion. Given this, this Court finds nothing in the record to indicate advanced age, infirmity or incompetence to contract. There is no evidence that Mr. Long was incapable of reading and understanding the arbitration provision and Ohio law does not require that an arbitration clause "be explained orally to a party prior to signing when the provisions at issue were not in fine print, were not hidden from the party, were part of an industry standard and were not misrepresented to the signatory." English v. Cornwell Quality Tools Co., Inc., 9th Dist. No. 22578, 2005-Ohio-6983, at ¶ 22, citing ABM Farms, Inc. v. Woods
(1998), 81 Ohio St.3d 498, 503, 692 N.E.2d 574. In this case, the Arbitration Agreement was an entirely separate document with standard and uniform font size. The specific provision of which Mr. Long complains was not hidden, is in the same sized font as the rest of the contract and is clear and unambiguous as to its meaning. There is no evidence of a misrepresentation.
 {¶ 12} Most notably, Mr. Long acknowledges in his brief that he had signed the contract without fully reading it. This Court has followed "the well-settled principle that a person who is competent to contract and who signs a written document without reading it is bound by its terms and cannot avoid its consequences." English at ¶ 24, citingHook v. Hook (1982), 69 Ohio St.2d 234, 238, 431 N.E.2d 667. According to the Ohio State Supreme Court the "legal and common-sensical axiom that one must read what one signs survives" to this day. ABM Farms, at 503. See also, McAdams v. McAdams (1909), 80 Ohio St. 232, 240-241,88 N.E. 542 (stating "[a] person of ordinary mind cannot be heard to say that he was misled into signing a paper which was different from what he intended, when he could have known the truth by merely looking when he signed."). Where there is no evidence that a person is incapable of reading and understanding an arbitration clause, it is not unconscionable. Jones v. Unibilt, 2nd Dist. No. 20578, 2004-Ohio-5983, at ¶ 21.
 {¶ 13} As noted, above, there is nothing in the record to establish that Mr. Long was not capable of reading and/or understanding the Arbitration Agreement. Instead, it indicates that Mr. Long did not read or question the meaning of the Arbitration Agreement, yet signed the agreement nonetheless. The Arbitration Agreement specifically notes in all capital letters that "by signing below you acknowledge that you have read this arbitration agreement and that you agree to its terms and conditions." Mr. Long signed just below this language specifically attesting he had read the agreement and agreed to its terms. This Court concludes that "[a] contracting party is presumed to know the reasonable import of the contents of a signed agreement, including the existence and scope of an arbitration clause." Garcia v. Wayne Homes, LLC (Apr. 19, 2002), 2nd Dist. No. 2001 CA 53, at *11.
 {¶ 14} Finally, Mr. Long asserts that this case involves a "take it or leave it" arbitration provision, which some Ohio courts have found to be unconscionable in the context of necessity contract (such as a car) where the buyer has no choice but to sign the provision. Mr. Long asserts that he had no choice but to sign the Arbitration Agreement, but the record indicates otherwise. Mr. Long acknowledges in his brief that he signed the sales contract to purchase the vehicle on October 13, 2003, the day before the Arbitration Agreement was signed. So too, however, did NICAB. Thus, whether or not Mr. Long signed the Arbitration Agreement, both parties were bound by the terms of the sales contract. Upon receipt of Mr. Long's funds (which Mr. Long asserts he paid on October 13, 2003), NICAB was obligated to deliver the vehicle or be in breach of contract. Neither party's obligations to the other depended on Mr. Long executing the Arbitration Agreement and Mr. Long was free to refuse to sign it. Finally, we should note that the car at issue is a 1973 Plymouth Barracuda that Mr. Long purchased for $19,500, not a necessary vehicle purchased primarily for transportation that may require a higher level of scrutiny. See Battle v. Bill Swad Chevrolet,Inc. (2000), 140 Ohio App.3d 185, 192, 746 N.E.2d 1167.
 {¶ 15} We note that while Mr. Long was not represented by counsel, it was by his own choice, and such lack of representation is not dispositive. See Broughsville v. OHECC, LLC, 9th Dist. No. 05CA008672,2005-Ohio-6733, at ¶ 23. Moreover, assuming arguendo that Mr. Long did not review the terms and did not understand the provisions of the contract, nothing precluded Mr. Long from seeking out legal counsel prior to signing. See English at ¶ 22.
 {¶ 16} As discussed above, in order to be deemed unconscionable, an arbitration clause must be both procedurally and substantively unconscionable. See Porpora at ¶ 6; Eagle at ¶ 30, citingCollins, at 834. Because this Court has not found the Arbitration Agreement to be procedurally unconscionable, it is unnecessary for us to review whether it is substantively unconscionable. Mr. Long's first assignment of error is overruled.
 Second Assignment of Error "The arbitration agreement is unenforceable because Long received no consideration in return for his obligations."
 {¶ 17} Mr. Long asserts that the Arbitration Agreement was never a part of the original transaction and that he was given no consideration for the Arbitration Agreement since it was signed after the contract was signed and money was exchanged. Therefore, Mr. Long asserts that the Arbitration Agreement is unenforceable.
 {¶ 18} An issue that could have been raised in the trial court, but was not, cannot be considered for the first time on appeal and is waived. See Sekora v. General Motors Corp. (1989), 61 Ohio App.3d 105,112, 572 N.E.2d 184. Neither the Magistrate's Report, the Original Order, nor Mr. Long's objections to the Magistrate's Report raise the issue of failure of consideration. Moreover, as previously discussed, Mr. Long failed to submit transcripts of the hearing before the magistrate so as to allow us to determine if the issue was raised at the hearing. We accordingly find the issue of consideration to have been waived and Mr. Long's second assignment of error is overruled.
 {¶ 19} Having previously found that the Arbitration Agreement is not unconscionable, it is referable to arbitration and the trial court did not abuse its discretion in adopting the Magistrate's Report also finding the Arbitration Agreement to be conscionable and in staying the trial court proceeding pending arbitration.
 {¶ 20} Both of Mr. Long's assignments of error are overruled and the judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
BOYLE, J. CONCURS
CARR, J. CONCURS IN JUDGMENT ONLY