{¶ 20} I respectfully dissent because I do not believe that the Brunkes successfully demonstrated the procedural unconscionability of OSHS's arbitration clause.
 {¶ 21} "Public policy in Ohio favors arbitration as a means to settle disputes." Ball v. Ohio State Home Servs., 9th Dist. No. 23063,2006-Ohio-4464, at ¶ 6, citing Schaefer v. Allstate Ins. Co. (1992),63 Ohio St.3d 708, 711-12; Porpora v. Gatliff Building. Co., 9th Dist. No. 04CA0051-M, 2005-Ohio-2410, at ¶ 6; Eagle v. Fred Martin Motor Co., 9th Dist. No. 21522, 2004-Ohio-829, at ¶ 14. "Accordingly, arbitration provisions are generally valid and enforceable pursuant to R.C. 2711.01(A)." Ball at ¶ 6. "In examining an arbitration clause, a court must bear in mind the strong presumption in favor of arbitrability and resolve all doubts in favor of arbitrability. "Neubrander v. Dean WitterReynolds, Inc. (1992), 81 Ohio App.3d 308, 311.
 {¶ 22} The record is devoid of any evidence that the Brunkes were in a disadvantaged bargaining position at the time that they entered into the contract with OSHS. OSHS did not solicit the Brunkes. Rather, the Brunkes sought OSHS's services and voluntarily chose to enter into a contract with OSHS. Although neither of the Brunkes had a strong educational background, both had previous experience with major contractual transactions, including home mortgage and automobile financing arrangements. At the time of their hearing before the trial court, the Brunkes were 52 and 44 years old; a sufficient age to have gained life experience, but also a young enough age to detract from any assumption of infirmity. Finally, although the Brunkes insisted that they had no recollection of the provisions on the back side of OSHS's *Page 11 
contract, Damon Brunke admitted that he signed the OSHS contract without reading it in full despite his having initialed the acknowledgement on the contract that he had read all of its terms.
 {¶ 23} "[T]he Ohio Supreme Court [has] held that there is no requirement that an arbitration clause be explained orally to a party prior to signing when the provisions at issue were not in fine print, were not hidden from the party, were part of an industry standard and were not misrepresented to the signatory." English v. Cornwell QualityTools Co., Inc., 9th Dist. No. 22578, 2005-Ohio-6983, at ¶ 22, citingABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498, 503. Here, the arbitration provision appeared in the same size print as all the other provisions on the back side of OSHS's contract. There is no evidence in the record that OSHS misrepresented its contractual provisions to the Brunkes or refused to offer them additional time to review the contract provisions. Finally, the Brunkes admitted that OSHS did not prevent them from obtaining counsel to review the contract and that it was their choice not to seek out legal assistance.
 {¶ 24} Based on all of the foregoing, I would conclude that the Brunkes failed to prove procedural unconscionability. As both procedural and substantive unconscionablity are necessary to any determination that an arbitration clause is unconscionable, I would reverse the trial court's finding that OSHS's arbitration provision was unconscionable. Accordingly, I respectfully dissent. *Page 1