[Cite as *Crouse v. LaGrange Junction Ltd.*, 2012-Ohio-2972.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

KEN CROUSE

    Appellee

    v.

LAGRANGE JUNCTION LTD

    Appellant

C.A. No.      11CA010065

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    11CV172042

DECISION AND JOURNAL ENTRY

Dated: June 29, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1} Ken Crouse bought a vacant lot and, nine months later, entered into a contract with LaGrange Junction Ltd. for construction of a house on that lot. This case arose after Mr. Crouse suffered a number of problems with the lot and house that prevented him from legally occupying the house. He sued LaGrange, which answered and moved for a stay pending arbitration. Mr. Crouse opposed the stay, arguing that the arbitration clause in the construction contract was both substantively and procedurally unconscionable. The trial court denied the stay, and LaGrange appealed. This Court reverses because Mr. Crouse did not provide sufficient evidence of procedural unconscionability.

BACKGROUND

{¶2} Mr. Crouse bought a vacant lot from Mr. Stiner, a member of LaGrange Junction Ltd., and then entered into a construction contract with LaGrange for the building of a single-

family dwelling on that lot. According to his complaint, Mr. Crouse's claims in this case are based on "severe and continued flooding covering the lot" and "numerous construction and/or design problems with the interior of the home."

{¶3} Mr. Crouse sued four defendants: (1) LaGrange Junction Ltd., which had served as his builder, (2) Erie Coast Engineering LLC, an architectural and engineering firm, (3) an individual member of Erie Coast, who had worked as the architect and engineer on the project, and (4) Dennis R. Stiner, the seller of the real property at issue. Mr. Crouse sued Mr. Stiner for breach of the purchase contract for the vacant lot. He sued LaGrange for breach of the construction contract and negligent construction and/or repair. He sued Erie Coast for negligent design. He also brought claims against "Defendants" for breach of implied and express warranties, negligent supervision and retention, fraud, negligent misrepresentation, and deceptive trade practices. It is unclear whether those claims were aimed at all the named defendants or just some of them.

{¶4} LaGrange and Mr. Stiner jointly moved under Section 2711.02(B) of the Ohio Revised Code to dismiss and/or stay the proceedings, arguing that the construction contract required arbitration of the dispute. Mr. Crouse opposed the motion to dismiss and/or stay the proceedings, arguing that the arbitration clause is unenforceable due to substantive and procedural unconscionability. The trial court denied the motion, and LaGrange and Mr. Stiner timely appealed.

{¶5} The issue on appeal is limited to the enforceability of the arbitration clause in the LaGrange construction contract. That clause, if enforceable, applies only to claims arising under that contract. Mr. Crouse sued Mr. Stiner individually based on a separate transaction, that is, the sale of the vacant lot. Mr. Stiner has not argued that he is a party to LaGrange's contract

with Mr. Crouse nor that the real estate contract between him and Mr. Crouse contains an arbitration clause. Therefore, although LaGrange and Mr. Stiner are represented by the same lawyer and both parties' names appear on the notice of appeal and the briefs, for the sake of clarity, this Court will address LaGrange's arguments without reference to Mr. Stiner.

## JURISDICTION

{¶6} On September 23, 2011, this Court ordered LaGrange to demonstrate this Court's jurisdiction because the order appealed provides only that the "Motion to Dismiss and/or Stay [P]roceedings is denied." LaGrange responded to the order, explaining that the entry was a final, appealable order under Section 2711.02(C) of the Ohio Revised Code because the motion to stay or dismiss was based on a demand for arbitration. "[Section] 2711.02(C) permits a party to appeal a trial court order that grants or denies a stay of trial pending arbitration, even when the order makes no determination pursuant to [Rule 54(B) of the Ohio Rules of Civil Procedure]." *Mynes v. Brooks*, 124 Ohio St. 3d 13, 2009-Ohio-5946, at syllabus. Thus, despite the fact that Mr. Crouse's claims remain pending against other defendants not involved in this appeal, the trial court's entry denying the requested stay is immediately appealable by statute.

## ARBITRATION

{¶7} The sole assignment of error is that the trial court incorrectly denied the motion to dismiss and/or stay the proceedings pending arbitration because it incorrectly determined that the arbitration clause is unenforceable due to unconscionability. "Arbitration agreements are 'valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.'" *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St. 3d 352, 2008–Ohio–938, ¶ 33 (quoting R.C. 2711.01(A)). Unconscionability is a valid basis for revoking a contract. *Id.*

{¶8} "Unconscionability includes both 'an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.'" *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St. 3d 352, 2008–Ohio–938, ¶ 34 (quoting *Lake Ridge Acad. v. Carney,* 66 Ohio St. 3d 376, 383 (1993)). "The party asserting unconscionability of a contract bears the burden of proving that the agreement is both procedurally and substantively unconscionable." *Id.* (citing *Collins v. Click Camera & Video Inc.*, 86 Ohio App. 3d 826, 834 (1993) ("One must allege and prove a 'quantum' of both prongs in order to establish that a particular contract is unconscionable")). "The issue of unconscionability is a question of law." *Eagle v. Fred Martin Motor Co.*, 157 Ohio App. 3d 150, 2004–Ohio–829, at ¶ 12. Therefore, this Court reviews a trial court's unconscionability decision de novo. *Taylor*, 2008–Ohio–938, at ¶ 2.

{¶9} The LaGrange construction contract contains an arbitration clause: "Any controversy [or] claim which does arise, or which arises out of construction o[r] sale of the new house or improvement thereto which is the subject of this contract, and which cannot be settled by buyer and seller, shall be settled by arbitration in Lorain, Ohio, at the instance of either party hereto. Such arbitration to be held with the American Arbitration Association and the arbitration will be in accordance with the industry arbitration rules of said association and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof."

PROCEDURAL UNCONSCIONABILITY

{¶10} "Procedural unconscionability concerns the formation of the agreement and occurs when no voluntary meeting of the minds is possible." *Brunke v. Ohio State Home Servs. Inc.*, 9th Dist. No. 08CA009320, 2008–Ohio–5394, ¶ 10 (quoting *Porpora v. Gatliff Bldg. Co.*, 160 Ohio App. 3d 843, 2005–Ohio–2410, ¶ 7). To evaluate procedural unconscionability, this

Court considers "the relative bargaining positions of the parties . . . and whether the party claiming that the provision is unconscionable was represented by counsel at the time the contract was executed." *Porpora*, 2005–Ohio–2410, at ¶ 7 (citing *Eagle v. Fred Martin Motor Co.*, 157 Ohio App. 3d 150, 2004–Ohio–829, ¶ 31). Factors bearing on the relative bargaining positions of the parties include "age, education, intelligence, business acumen, experience in similar transactions, whether the terms were explained to the weaker party, and who drafted the contract." *Eagle*, 2004–Ohio–829, at ¶ 31. Courts will also consider "whether alterations in the printed terms were possible, [and] whether there were alternative sources of supply for the goods in question." *Hayes v. Oakridge Home*, 122 Ohio St. 3d 63, 2009–Ohio–2054, ¶ 23 (quoting *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St. 3d 352, 2008–Ohio–938, ¶ 44). Generally, no one factor alone determines whether a contract is procedurally unconscionable. *Id.* at ¶ 29. A court must consider the totality of the circumstances. *Id.* at ¶ 30.

{¶11} Mr. Crouse has argued that the arbitration clause is procedurally unconscionable because LaGrange drafted the agreement and failed to explain the arbitration provision to him. He has argued that he was not represented by a lawyer at the meeting, he did not understand what arbitration meant, and the provision is buried on page eight of the nine page agreement. By affidavit, Mr. Crouse testified that LaGrange drafted the entire agreement and a representative told him that it was "the[ ] standard construction agreement they always used." He also wrote that he was not represented by counsel at that time, no representative of LaGrange explained the arbitration provision to him, and he did not understand the meaning of the term arbitration.

{¶12} The record does not contain any evidence regarding Mr. Crouse's "age, education, intelligence, business acumen, [or] experience in similar transactions." *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004–Ohio–829, ¶ 31. It also contains no evidence about

"whether alterations in the printed terms were possible, [and] whether there were alternative sources of supply for the goods in question." *Hayes v. Oakridge Home*, 122 Ohio St. 3d 63, 2009-Ohio-2054, ¶ 23 (quoting *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St. 3d 352, 2008-Ohio-938, ¶ 44). Although both sides have argued in their briefs to this Court that the other party enjoyed a superior bargaining position in entering the contract, there is no evidence in the record about whether either party's bargaining position was superior to the other.

{¶13} The arbitration provision does appear on the eighth of nine contract pages, but it appears in an average font size and is separated from the surrounding text by a centered heading that brings attention to the word "Arbitration" in bold text. There is no evidence that LaGrange misrepresented the arbitration clause to Mr. Crouse or that the language was out of the ordinary for the industry. *See ABM Farms Inc. v. Woods*, 81 Ohio St. 3d 498, 503 (1998) (determining that arbitration clause need not be explained orally when it is not hidden, misrepresented, or out of the ordinary for the industry).

{¶14} The evidence does not support Mr. Crouse's argument that the contract was one of adhesion. Although the evidence tends to show that LaGrange drafted the contract and used it as a form for their construction jobs, there is no evidence that Mr. Crouse could not have negotiated more advantageous terms, including the elimination of the arbitration clause. There is no evidence in the record tending to show that LaGrange offered the contract on a take-it-or-leave-it basis. *See Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St. 3d 352, 2008–Ohio–938, at ¶ 49 (defining an adhesion contract as "a standardized form contract prepared by one party, and offered to the weaker party, usually a consumer, who has no realistic choice as to the contract terms") (citing Black's Law Dictionary 342 (8th Ed. 2004)).

{¶15} The evidence indicates that, although this was the type of purchase agreement that might have involved lawyers, Mr. Crouse was not represented by a lawyer when he entered into this contract. There is no evidence, however, indicating that LaGrange rushed Mr. Crouse through the process of forming the agreement. Mr. Crouse testified by affidavit that he sunk his "life savings" into this project, but he did not say that there was any reason why he was unable to secure the assistance of legal counsel to review this contract for him before doing so.

{¶16} The facts of this case distinguish it from cases such as *Porpora v. Gatliff Building Company*, 160 Ohio App. 3d 843, 2005-Ohio-2410 (9th Dist.), wherein this Court held a residential construction contract to be procedurally unconscionable. In *Porpora*, this Court determined that the business owner's "own testimony characterizes the construction contract in general and the arbitration clause in particular as adhesive." *Id.* at ¶ 12. In that case, the business owner testified at deposition that he would never agree to do business with a consumer who would not accept the terms of the arbitration clause in his form contract. In *Porpora*, this Court also relied on the fact that the consumer testified that he had no prior experience with construction contracts. *Id.* In this case, the record contains no evidence regarding Mr. Crouse's prior experience with similar contracts and no evidence suggesting that he could not have negotiated for the removal of the arbitration clause.

{¶17} Based on the totality of the circumstances, the trial court incorrectly determined that the arbitration provision in the LaGrange contract was procedurally unconscionable. As Mr. Crouse failed to carry his burden to show procedural unconscionability, this Court need not consider whether the clause is substantively unconscionable. *See Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St. 3d 352, 2008–Ohio–938, at ¶ 34. LaGrange's assignment of error is sustained.

CONCLUSION

{¶18} LaGrange's assignment of error is sustained because Mr. Crouse did not present sufficient evidence of procedural unconscionability to render the arbitration clause unenforceable. The judgment of the Lorain County Common Pleas Court is reversed, and this cause is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
CONCURS.

BELFANCE, J.
DISSENTING.

{¶19} I respectfully dissent from the judgment of the majority based upon the analysis and reasoning outlined in *Porpora v. Gatliff Bldg. Co.,* 160 Ohio App.3d 843, 2005-Ohio-2410 (9th Dist.). I disagree that *Porpora* is not applicable to this case. In *Porpora*, this Court expressly relied upon the fact that the arbitration provision was not explained to the consumers by anyone in the company, the construction company did not bring the arbitration provision to the consumers' attention, the consumers were unrepresented by counsel, this was the first construction contract that the consumers had experience with, and the consumers did not know what arbitration meant. *Id.* at ¶ 11. These facts are present in this case. Although there was additional testimony in *Porpora* that the company president would not have removed the arbitration clause *if* he had been asked to, that fact was not dispositive given that the parties were not confronted with the consumers' attempt to remove the clause. *Id.* at ¶12. In fact, the company president and the consumers did not have any discussion concerning the clause. *See id.* Thus, the president's state of mind concerning what he might have done had he been asked had no actual impact on the formation of the agreement.

{¶20} Furthermore, and also relying in part upon the similarity between the facts in this case and the facts in *Porpora,* I would conclude that the agreement was substantively unconscionable as well. *See Porpora* at ¶ 14-18. Accordingly, I would affirm the judgment of the trial court.

APPEARANCES:

STEPHEN J. PROE, Attorney at Law, for Appellant.

ANTHONY J. COYNE and TRACEY S. MCGURK, Attorneys at Law, for Appellee.