[Cite as *McGlumphy v. Richard T. Kiko Agency, Inc.*, 2014-Ohio-3479.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| EDWIN V. MCGLUMPHY | C.A. No. 27043 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD T. KIKO AGENCY, INC., et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No. CV-2012-07-3991 |

DECISION AND JOURNAL ENTRY

Dated: August 13, 2014

MOORE, Judge.

{¶1} Defendant-Appellants, Richard T. Kiko Agency, Inc. and Russ Kiko Associates, Inc. (collectively known as "Kiko"), appeal from the July 18, 2013 judgment entry of the Summit County Court of Common Pleas. We reverse.

I.

{¶2} Wanda C. Miller and K. Bret Apple, Co-Executors of the estate of Clementine Gore, hired Kiko to sell real property located at 836 Lorain Street, Akron, Ohio 44305 ("836 Lorain Street") at auction on July 12, 2010. Edwin McGlumphy successfully bid $9,900.00 on the property, signed the Purchase Agreement, and issued the "Richard Kiko Agency" a check in the amount of $9,900.00. The Purchase Agreement contained an arbitration clause, stating:

> In the event a dispute arises concerning this contract and/or the performance of Owner(s) or Realtor (including any Owner, officer, agent or employee of Realtor) arising out of or in any way related to this contract or any of their acts or performance in connection therewith, the dispute shall be submitted to binding arbitration through and pursuant to the rules of the American Arbitration Association or similar arbitration organization. By agreeing to arbitration, all

parties waive their right to court or jury trial. The party first filing shall have the right to select the arbitration association to hear the matter. All claims, including crossclaims and counterclaims, must be brought in the arbitration or are waived. It is understood that the arbitration will be administered by said arbitration association and will include the use of its arbitrators. The arbitration shall be held in Stark County unless otherwise agreed to by Owner(s) and Realtor. The arbitrator shall have actual experience with the sale of the type of property being sold pursuant to this contract. All issues of arbitrability shall be determined solely by the arbitrator. All costs and/or fees of the arbitration shall be equally divided among all parties to the arbitration and all parties to the arbitration shall be solely responsible for paying their own attorney's fees. All incidental, consequential, and punitive damages of any type or nature are hereby waived by all parties to this contract. Any and all disputes, whether by arbitration or otherwise, shall be venued, heard and decided in Stark County, Ohio.

At the close of the auction, Mr. McGlumphy was given keys to the property and proceeded to make improvements to it over time. He claimed that Kiko delayed the closing of the real estate transaction and transfer of title which caused him to incur damages and costs.

**{¶3}** On July 10, 2012, Mr. McGlumphy filed a complaint in Common Pleas Court alleging (1) breach of contract, (2) fraud, (3) imposition of vendor's lien, and (4) specific performance.

**{¶4}** In response, Kiko filed an answer, an amended answer, and a motion to stay proceedings pending arbitration. In its motion, Kiko asserted that Mr. McGlumphy's claims "fall within the scope of the arbitration provision contained in the Purchase Agreement," and, as such, Mr. McGlumphy is legally bound to arbitrate this dispute.

**{¶5}** After a hearing on the matter, the trial court denied Kiko's motion, stating that "the [c]ourt finds the subject [a]rbitration provision to be *procedurally unconscionable* in these particular circumstances and therefore unenforceable." (Emphasis added.)

**{¶6}** Kiko timely appealed, raising two assignments of error for our consideration.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN HOLDING THAT THE ARBITRATION PROVISION IN THE PURCHASE AGREEMENT WAS PROCEDURALLY UNCONSCIONABLE AND THEREFORE UNENFORCEABLE.

{¶7} In its first assignment of error, Kiko argues, among other things, that the trial court erred in denying its arbitration motion to stay proceedings pending arbitration "based solely on a finding of procedural unconscionability." Specifically, Kiko argues that, in order to properly deny its motion, the trial court must find both procedural and substantive unconscionability. We agree.

{¶8} It is well-settled that, "[i]n examining an arbitration clause, a court must be cognizant of the strong presumption in favor of arbitrability, and any doubts should be resolved in favor of coverage under the arbitration clause." *Dept. of Adm. Servs. v. Moody/Nolan Ltd., Inc.*, 10th Dist. Franklin No. 00AP-336, 2000 WL 1808330, *2 (Dec. 12, 2000), citing *Sasaki v. McKinnon*, 124 Ohio App.3d 613, 616-617 (8th Dist.1997), quoting *Didado v. Lamson & Sessions Co.*, 81 Ohio App.3d 302, 304 (9th Dist.1992); *see also Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, ¶ 15. "'[A]rbitration is favored because it provides the parties thereto with a relatively expeditious and economical means of resolving a dispute.'" *Hayes* at ¶ 15, quoting *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 712 (1992); *see also Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 83 (1986).

{¶9} Further, R.C. 2711.01(A) states that:

A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the

contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, *except upon grounds that exist at law or in equity for the revocation of any contract*.

(Emphasis added.)

{¶10} "Unconscionability is a ground for revocation of an arbitration agreement." *Hayes* at ¶ 19, citing *Taylor Bldg. Corp. of Am. v. Benfield,* 117 Ohio St.3d 352, 2008-Ohio-938, ¶ 33. The Supreme Court of Ohio has explained that "[u]nconscionability includes both 'an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.'" *Taylor Bldg.* at ¶ 34, quoting *Lake Ridge Academy v. Carney,* 66 Ohio St.3d 376, 383 (1993). "The party asserting unconscionability of a contract bears the burden of proving that the agreement is *both procedurally and substantively unconscionable*." (Emphasis added.) *Taylor* at ¶ 34., citing *Collins v. Click Camera & Video, Inc.,* 86 Ohio App.3d 826, 834 (2d Dist.1993) ("One must allege and prove a 'quantum' of both prongs in order to establish that a particular contract is unconscionable.").

{¶11} "Procedural unconscionability concerns the formation of the agreement and occurs when no voluntary meeting of the minds is possible." *Ball v. Ohio State Home Servs., Inc.*, 9th Dist. Summit No. 23063, 2006-Ohio-4464, ¶ 7, quoting *Porpora v. Gatliff Building Co.,*160 Ohio App.3d 843, 2005-Ohio-2410, ¶ 7 (9th Dist.), citing *Bushman v. MFC Drilling, Inc.*, 9th Dist. Medina No. 2403-M, 1995 WL 434409 (July 19, 1995). "This court has held that when determining procedural unconscionability, a reviewing court must consider factors bearing directly on the relative bargaining position of the parties." *Ball* at ¶ 7, citing *Porpora* at ¶ 7. "Such factors include 'age, education, intelligence, business acumen, experience in similar

transactions, whether terms were explained to the weaker party, and who drafted the contract.'" *Ball* at ¶ 7, quoting *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 159 Ohio App.3d 27, 2004-Ohio-5953, ¶ 13, quoting *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-829, ¶ 31.

{¶12} "Substantive unconscionability goes to the terms of contract themselves." *Ball* at ¶ 7, citing *Porpora* at ¶ 8; *Eagle* at ¶ 31. "Contractual terms are substantively unconscionable if they are *unfair and commercially unreasonable*. (Emphasis added.) *Ball* at ¶ 7, citing *Porpora* at ¶ 8, citing *Bank One, N.A. v. Borovitz,* 9th Dist. Summit No. 21042, 2002-Ohio-5544, ¶ 16.

{¶13} On appeal, we review a trial court's determination of unconscionability de novo. *See Hayes*, 2009-Ohio-2054, at ¶ 21.

{¶14} In the present matter, the trial court made specific findings as to whether the arbitration provision was *procedurally* unconscionable, concluding that Mr. McGlumphy "met his burden" because he "was not made aware of the terms and conditions of the sale[,] and he believed he had no option but to sign the Purchase Agreement after his bid was accepted and the sale was over." The trial court also noted Mr. McGlumphy's argument that the arbitration provision was *substantively* unconscionable because it contained a provision that leaves him without "any relief or remedy." However, the trial court failed to make any findings, or include any discussion, regarding whether, in light of Mr. McGlumphy's evidence, he met his burden of proof that the arbitration provision was also *substantively* unconscionable; meaning that its terms were unfair and commercially unreasonable. *See Ball* at ¶ 7.

{¶15} The trial court's judgment entry clearly denied Kiko's motion solely on the basis of procedural unconscionability. From its language, we cannot discern whether the trial court considered any evidence submitted as to substantive unconscionability. As this Court remains a

reviewing court, we will not consider this issue in the first instance. *See Price v. Carter Lumber Co.*, 9th Dist. Summit No. 26243, 2012-Ohio-6109, ¶ 22, citing *Harris-Coker v. Abraham,* 9th Dist. Summit No. 26053, 2012-Ohio-4135, ¶ 4. *See also Burr v. Nationwide Mut. Ins. Co.*, 9th Dist. Lorain No. 12CA010231, 2013-Ohio-4406, ¶ 23. As such, the trial court must analyze whether, based upon the evidence in the record, Mr. McGlumphy met his burden to prove that the arbitration provision was *both* procedurally and substantively unconscionable. *See Taylor,* 117 Ohio St.3d 352, at ¶ 34.

{¶16} Accordingly, Kiko's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING KIKO'S MOTION FOR CONTINUANCE SO THAT KIKO'S FACT WITNESSES COULD BE AVAILABLE TO TESTIFY AT THE EVIDENTIARY HEARING.

{¶17} Based upon our resolution of Kiko's first assignment of error, the second assignment of error is moot and we decline to address it. *See* App.R. 12 (A)(1)(c).

III.

{¶18} In sustaining Kiko's first assignment of error and concluding that its second assignment of error is moot, the judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
CARLA MOORE
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

MICHAEL S. GRUBER and JASON N. BING, Attorneys at Law, for Appellants.

R. SCOTT HALEY, Attorney at Law, for Appellee.