DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant, Milling Away, LLC ("Milling Away"), appeals from the decision of the Summit County Court of Common Pleas staying the proceedings below and compelling the parties to arbitrate their dispute. This Court affirms.
 I {¶ 2} In January 2007, Milling Away and Infinity Retail Environments, Inc. ("Infinity") entered into a contract via a purchase order from Milling Away. Milling Away's purchase order contained an arbitration provision, which provided that any controversy arising between the parties would be submitted to binding arbitration. Although the arbitration provision appeared on the back of Milling Away's purchase order, the purchase order indicated directly above the signature lines that the parties agreed to "comply with [Milling Away's] General Conditions of Purchase Agreement listed on the reverse side[.]" *Page 2 
 {¶ 3} After several months, the parties' contractual relationship deteriorated. Milling Away filed suit for breach of contract in the Summit County Court of Common Pleas on August 16, 2007. Infinity answered the complaint and also filed a counterclaim against Milling Away on October 30, 2007. Neither party referred to the arbitration provision contained in their contract.
 {¶ 4} On February 12, 2008, Infinity filed a motion to stay the proceedings pursuant to the arbitration provision. The trial court held a hearing in response to Infinity's motion. During the hearing, Infinity claimed that its attorney had only just discovered that the arbitration provision existed due to its placement on Milling Away's purchase order form and its "miniscule" typeface. Milling Away argued that Infinity had waived its right to demand arbitration by participating in the court proceedings for approximately six months. On April 9, 2008, the trial court ordered that the matter be stayed and that the parties arbitrate their dispute pursuant to their agreement.
 {¶ 5} Milling Away filed its notice of appeal on April 15, 2008. Milling Away's appeal is now before this Court and raises one assignment of error for our review.
 II Assignment of Error "THE TRIAL COURT ABUSED ITS DISCRETION BY STAYING THE PROCEEDINGS AND COMPELLING ARBITRATION WHEN INFINITY CLEARLY WAIVED ITS RIGHT TO ARBITRATE."
 {¶ 6} In its sole assignment of error, Milling Away argues that the trial court abused its discretion in granting Infinity's motion to stay the proceedings and in ordering the parties to arbitrate their dispute. Specifically, Milling Away argues that Infinity waived its right to arbitration. We disagree. *Page 3 
 {¶ 7} This Court reviews a trial court's decision to grant or deny a motion to stay the proceedings and compel arbitration under an abuse of discretion standard. Medallion Northeast Ohio, Inc. v. SCO MedallionHealthy Homes, Ltd., 9th Dist. No. 23214, 2006-Ohio-6965, at ¶ 6. Similarly, we review a trial court's determination as to whether a party waived its right to arbitrate for an abuse of discretion.Featherstone v. Merrill Lynch, Pierce, Fenner Smith, Inc., 9th Dist. No. 04CA0037, 2004-Ohio-5953, at ¶ 10. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 8} "Ohio public policy favors arbitration." Tomovich v. USAWaterproofing Foundation Services, Inc., 9th Dist. No. 07CA009150,2007-Ohio-6214, at ¶ 8, citing Schaefer v. Allstate Co. (1992),63 Ohio St.3d 708, 711. See, also, R.C. 2711.02(B) (authorizing court to stay proceedings for arbitration upon application of one of the parties). "[I]f a dispute even arguably falls within the [parties'] arbitration provision, the trial court must stay the proceedings until arbitration has been completed." Tomovich at ¶ 8, citing Featherstone at ¶ 5. A trial court may not, however, refer the parties to arbitration sua sponte. Chef Italiano v. Crucible Development Corp., 9th Dist. No. 22415, 2005-Ohio-4254, at ¶ 51, citing R.C. 2711.02(B). R.C. 2711.02(B) only permits a trial court to stay a matter for arbitration "on application of one of the parties[.]" Thus, a party may waive its right to arbitration if it fails to properly raise the arbitration clause before the trial court. Chef Italiano at ¶ 53.
 {¶ 9} "[The] party seeking to establish waiver bears a heavy burden of proof." Business Data Sys., Inc. v. Gourmet Café Corp., 9th Dist. No. 23808, 2008-Ohio-409, at ¶ 14, quoting Manos v. Vizar (July 9, 1997), 9th Dist. No. 96CA2581-M, at *2. "In order to waive the right to arbitrate, a party must know that he has the right to arbitrate and act inconsistently with that *Page 4 
right, generally in a manner causing delay and prejudice to the opposing party." Featherstone at ¶ 9. This Court resolves any doubt as to the existence of a waiver against the party asserting it. Business DataSys., Inc. at ¶ 14, quoting Rimedio v. SummaCare, Inc., 9th Dist. No. 21828, 2004-Ohio-4971, at ¶ 13.
 {¶ 10} Both parties agree that Milling Away's purchase order contained a provision ordering the parties to submit their disputes to binding arbitration. The copy of the virtually illegible, miniscule print of the purchase order provided by the parties to this Court, reads as follows:
 "In the event of any controversy arising between the parties, it shall be mandatory that the dispute be referred to Arbitration. The arbitration shall be governed by and * * * in accordance with applicable U.S. Federal and/or State laws to be determined by the applicable situs. Each party in the Arbitration shall appoint one arbitrator with the arbitrator so selected to appoint a third arbitrator who will act as Chairman; said Arbitration to be the exclusive remedy of the parties to the Arbitration and be binding upon their designees and assigns. Judgment upon any arbitration award rendered may be entered in any Court of competent jurisdiction thereafter."[1]
Milling Away argues that Infinity knew or should have known about the arbitration provision as a result of signing the purchase order and that by submitting responsive pleadings and filing its own counterclaim against Milling Away, Infinity waived its right to arbitrate.
 {¶ 11} The trial court reasoned that a stay was appropriate because "the policy of the law is to settle disputes by arbitration, * * * there has been very little in the way of proceedings, * * * there is no interruption in discovery or other proceedings by engaging in arbitration, and * * * no trial date has been set[.]" This reasoning comports with the rationale behind the waiver doctrine, which is that even an absolute right to arbitration "must yield, at times, when justified by public *Page 5 
policy considerations of judicial economy and detrimental reliance."Montecalvo Electric, Inc. v. Cluster Homes, Inc., 9th Dist. No. 21157, 2003-Ohio-355, at ¶ 12, quoting Manos, supra. That is, even once litigation has commenced, the granting of a stay need not offend the waiver doctrine so long as the stay would not negatively impact the judicial economy and the party seeking arbitration did not unjustly encourage the detrimental reliance of the opposing party.
 {¶ 12} Milling Away argues that the trial court's stay offended the waiver doctrine because Infinity filed its own counterclaim in the trial court. Milling Away avers that by invoking the jurisdiction of the trial court through a counterclaim Infinity waived its right to arbitration just as if it had initiated the original suit in the trial court. Yet, the filing of a suit is not a per se bar to arbitration. While the initiation of a law suit creates a presumption that a party has waived its right to arbitrate the matter, that presumption does not end the analysis. See Chef Italiano at ¶ 54. In Chef Italiano, this Court noted that a defendant's failure to move for a stay, when coupled with responsive pleadings, resulted in a waiver of the defendant's right to arbitrate. Id. at ¶ 53, quoting Mills v. Jaguar-Cleveland Motors,Inc. (1980), 69 Ohio App.2d 111, 113. In turning to the question of whether the plaintiff, Chef Italiano, had waived the right to arbitrate, we held that "if responsive pleadings create the presumption that the responding party has waived arbitration, then the initiation of suit certainly raises at least an equal presumption that a party has waived arbitration." (Emphasis added.) Chef Italiano at ¶ 54. Accordingly, the filing of a suit only creates a presumption of waiver. See id. To determine whether a party has actually waived its right to arbitrate, this Court also must look to other factors such as when the invocation of the arbitration clause occurred. See id. at ¶ 55 (concluding that Chef Italiano had waived its right to arbitrate after it had initiated the suit, litigated the suit for several years, and attempted to invoke the arbitration clause for the first time on appeal). *Page 6 
Accordingly, Milling Away's argument that Infinity waived its right to arbitrate solely by filing a counterclaim lacks merit.
 {¶ 13} Next, Milling Away argues that Infinity waived its right to arbitrate by "vigorously" participating in the litigation and waiting six months to file its motion to stay. This Court considered a similar set of circumstances in Montecalvo Electric, Inc. In that case, we held that the defendant waived its right to arbitrate after it filed a response and a counterclaim against the plaintiff. Montecalvo Electric,Inc. at ¶ 11-20. Unlike Infinity, however, the defendant inMontecalvo Electric, Inc. waited until the day of trial to orally request that the trial court stay the proceedings for arbitration. At that point, both parties had engaged in extensive discovery over a seven month period, including "requesting production of documents, interrogatories, and admissions from each other." Id. at ¶ 15. This Court determined that allowing the defendant "to waste both appellee's and the trial court's time, money and efforts in preparing for litigation for seven months by granting its motion to stay proceedings on the day of trial would surely be against public policy considerations of judicial economy and detrimental reliance." Id. at ¶ 19.
 {¶ 14} In this case, Infinity filed a written motion for a stay approximately six months after Milling Away initially filed the suit. Although the parties exchanged several motions with regard to the pleadings, the record reflects that only minimal discovery occurred before Infinity sought the stay. The trial court noted this in its decision granting the stay by specifying that there had "been very little in the way of proceedings" and that it had yet to set a trial date. While Infinity ideally should have sought a stay at the first available opportunity, we cannot say that the trial court abused its discretion in determining that Infinity's late request for a stay did not "caus[e] delay and prejudice to [Milling Away.]"Featherstone at ¶ 9. Once again, this Court *Page 7 
resolves any doubt as to the existence of a waiver against the party asserting it. Business Data Sys., Inc. at ¶ 14. In this case, we do not find the presumption that Infinity waived its right to arbitration to be any more forceful than the "strong presumption in favor of arbitrability" that arises when parties enter into a contract containing an arbitration clause. Long v. N. Illinois Classic Auto Brokers, 9th Dist. No. 23259, 2006-Ohio-6907, at ¶ 7. As Milling Away has not overcome the heavy burden placed on a party seeking to establish waiver, we must conclude that the trial court did not err in granting Infinity's motion to stay the proceedings and to compel the parties to arbitration pursuant to their agreement. Milling Away's sole assignment of error is overruled.
 III {¶ 15} Milling Away's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 8 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
SLABY, P. J. CONCURS
[1] The asterisks indicate the omission of an illegible phrase.