**[Cite as *Clemens v. Perfect Auto, L.L.C.*, 2025-Ohio-2847.]**

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

SHERRIE CLEMENS, et al.

    Appellees

    v.

PERFECT AUTO LLC

    Appellant

C.A. No.    30957

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2022-10-3394

DECISION AND JOURNAL ENTRY

Dated: August 13, 2025

---

STEVENSON, Presiding Judge.

{¶1} Appellant Perfect Auto, LLC ("Perfect Auto") appeals the judgment of the Summit County Court of Common Pleas finding that it waived its right to arbitrate and denying its motion to stay and compel arbitration. For the reasons set forth below, we affirm.

I.

{¶2} Appellees Sherri and Darren Clemens ("the Clemens") purchased a vehicle from Perfect Auto and they signed paperwork as part of their purchase that included an arbitration agreement. The arbitration agreement states that "[a]ny Dispute shall, at [Perfect Auto's] or my request, be resolved by binding arbitration and not in court."

{¶3} The Clemens subsequently filed a complaint against Perfect Auto asserting claims for violation of the Ohio Consumer Sales Practices Act, violation of the Motor Vehicle Sales Rule, and for fraud and deceit. Perfect Auto filed an answer to the complaint after obtaining leaves to plead.

{¶4}    The trial court held a case management conference and final pretrial and trial dates were set. The matter was also referred to the trial court mediator and mediation conferences were held. The case was returned to the trial court after mediation was unsuccessful and, upon the parties' joint request, the court extended expert and discovery deadlines.

{¶5}    The Clemens filed their expert witness disclosure and report once the deadlines were extended and they proceeded with discovery. They noticed depositions and served Perfect Auto with requests for production of documents. The Clemens moved to compel discovery requesting a court order compelling Perfect Auto to respond to initial discovery requests.

{¶6}    Perfect Auto moved to stay proceedings pending arbitration and/or to stay proceedings and to compel arbitration ("motion to stay and compel arbitration") the day after the Clemens filed their motion to compel. Perfect Auto represented in its motion that it was invoking the arbitration agreement and it requested a court order staying the proceedings pursuant to R.C. 2711.02 and compelling arbitration pursuant to R.C. 2711.03.

{¶7}    The Clemens do not dispute that the sales paperwork included an arbitration agreement nor have they challenged the validity of the agreement. The Clemens, rather, have argued that "Perfect Auto has waived its right to arbitrate this matter under the arbitration agreement by acting inconsistently with that right to the prejudice of the Clemens." The trial court agreed.

{¶8}    The trial court found that Perfect Auto waived its right to arbitrate and denied the motion to stay and compel arbitration. Perfect Auto appeals the trial court's judgment asserting two assignments of error for this Court's review.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED TO THE PREJUDICE OF [PERFECT AUTO] BY DENYING [PERFECT AUTO'S] MOTION TO COMPEL ARBITRATION WITHOUT HOLDING A HEARING AS REQUIRED BY R.C. 2711.03[.]**

{¶9} Perfect Auto argues in its first assignment of error that the trial court erred when it denied its motion to stay and compel arbitration, filed pursuant to R.C. 2711.02 and RC. 2711.03, without first conducting a hearing. We disagree and conclude that a hearing was not required because the validity of the arbitration agreement was not at issue.

### Standard of Review

{¶10} "This Court reviews a trial court's decision to grant or deny a motion to stay the proceedings and compel arbitration under an abuse of discretion standard." *Milling Away, LLC v. Infinity Retail Environments, Inc.*, 2008-Ohio-4691, ¶ 7 (9th Dist.). We also "review a trial court's determination as to whether a party waived its right to arbitrate for an abuse of discretion." *Id.*, citing *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004-Ohio-5953, ¶ 10 (9th Dist.).

{¶11} An abuse of discretion is something more than an error of law or in the exercise of judgment; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶12} Although *Blakemore* is often cited as the general standard for reviewing discretionary decisions, the Ohio Supreme Court has provided additional guidance about the nature of an abuse of discretion:

Stated differently, an abuse of discretion involves more than a difference in opinion: the "'term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *State v. Jenkins*, 15 Ohio St.3d 164, 222 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384 (1959). For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that "'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" *Id.*, quoting *Spalding* at 384-385.

*State v. Weaver*, 2022-Ohio-4371, ¶ 24.

## Analysis

{¶13} Perfect Auto moved the trial court to stay the proceedings and compel arbitration pursuant to R.C. 2711.02 and/or R.C. 2711.03. R.C. 2711.02 authorizes a trial court to stay proceedings pending arbitration and R.C. 2711.03 authorizes the trial court to issue an order compelling arbitration. *Maestle v. Best Buy Co.*, 2003-Ohio-6465, ¶ 14. A motion to stay under R.C. 2711.02 and a motion to compel under R.C. 2711.03 are separate and distinct procedures. *Id.* at ¶ 17.

{¶14} R.C. 2711.03(A) provides that:

The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. Five days' notice in writing of that petition shall be served upon the party in default. Service of the notice shall be made in the manner provided for the service of a summons. *The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.*

(Emphasis added.)

{¶15} Perfect Auto argues the trial court erred when it denied its motion to compel arbitration without first conducting a hearing pursuant to R.C. 2711.03. It cites cases from this Court wherein we have concluded that R.C. 2711.03 requires a hearing on such a motion. The

Clemens argue the trial court was not required to hold an oral hearing as "the only issue before the trial court was to decide whether Perfect Auto had waived its right to arbitration through its inconsistent actions during litigation[.]" They maintain that a limited waiver issue was before the trial court and that "all the evidence necessary to determine [this issue] . . . was part of the record." The Clemens emphasize that the validity of the arbitration agreement has never been an issue. They do not dispute that an arbitration agreement exists and that the asserted claims fall within the scope of that agreement. The sole issue before the trial court was whether Perfect Auto waived its right to arbitration based on its actions after the Clemens filed their complaint.

{¶16} This Court has generally held that a trial court is required to hold a hearing on a motion to compel arbitration when the scope and validity of the arbitration agreement is contested. *See Shillingburg v. Turtle Creek Assets, Ltd.*, 2019-Ohio-1156, ¶ 6 (9th Dist.); *Boggs Custom Homes, Inc. v. Rehor*, 2005-Ohio-1129, ¶ 16 (9th Dist.); *Shillingburg v. Turtle Creek Assets, Ltd.*, 2019-Ohio-1156, ¶ 5 (9th Dist.). We have recognized that there are exceptions to this general rule depending upon the facts of the case. *Matheny v. Norton*, 2013-Ohio-3798, ¶ 15 (9th Dist.), citing *Eagle v. Fred Martin Motor Co.*, 2004-Ohio-829, ¶ 22-23 (9th Dist.).

{¶17} Perfect Auto's motion to compel was based on an arbitration agreement contained in the sales paperwork the Clemens' signed when they purchased the vehicle. The Clemens have not challenged the validity of the arbitration agreement. Further, there is no dispute that the claims asserted fall within the scope of the agreement. The issue before the court is not "the making of the arbitration agreement or the parties' failure to comply" which triggers a hearing under R.C. 2711.03. The only issue raised before the trial court was whether Perfect Auto waived the right to arbitration based on its actions after litigation was commenced. The waiver issue was separate from the issue Perfect Auto raised in its motion to compel and was fully briefed by the parties.

We, therefore, conclude that the trial court did not err when it ruled on the issue of waiver and denied Perfect Auto's motion to compel arbitration without a hearing. *See Matheny* at ¶ 15 (hearing not required "on an issue that was completely separate from the issue initially raised by the petition to compel arbitration"). *See also Eagle* at ¶ 22-23.

**{¶18}** Perfect Auto's first assignment of error is overruled.

### ASSIGNMENT OF ERROR 2

**THE TRIAL COURT ERRED TO THE PREJUDICE OF [PERFECT AUTO] BY FINDING THAT [PERFECT AUTO] WAIVED ITS RIGHT TO ARBITRATE.**

**{¶19}** Perfect Auto argues in its second assignment of error that the trial court erred by finding it waived its right to arbitrate. We disagree.

**{¶20}** As previously set forth, we review a trial court's decision granting or denying a motion to stay proceedings and compel arbitration under an abuse of discretion standard. *Milling Away*, *LLC*, 2008-Ohio-4691, at ¶ 7 (9th Dist.). "Similarly, we review a trial court's determination as to whether a party waived its right to arbitrate for an abuse of discretion." *Id.*, citing *Featherstone*, 2004-Ohio-5953, at ¶ 10 (9th Dist.).

**{¶21}** "Ohio public policy favors arbitration." *Tomovich v. USA Waterproofing & Found. Servs., Inc.*, 2007-Ohio-6214, ¶ 8 (9th Dist.), citing *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 711 (1992); R.C. 2711.02(B) (authorizing court to stay proceedings for arbitration upon application of one of the parties). "[I]f a dispute even arguably falls within the [parties'] arbitration provision, the trial court must stay the proceedings until arbitration has been completed." *Tomovich* at ¶ 8, citing *Featherstone* at ¶ 5. R.C. 2711.02(B) permits a trial court to stay a matter for arbitration only "on application of one of the parties[.]" "Thus, a party may waive its right to

arbitration if it fails to properly raise the arbitration clause before the trial court." *Milling Away* at ¶ 8, citing *Chef Italiano v. Crucible Development Corp.,* 2005-Ohio-4254*,* ¶ 53.

{¶22} "'The waiver doctrine was formulated to ensure that an otherwise absolute right to arbitrate must yield, at times, when justified by public policy considerations of judicial economy and detrimental reliance." *Featherstone* at ¶ 9 (9th Dist.), quoting *Manos v. Vizar*, 1997 WL 416402, *3 (9th Dist. July 9, 1997). This Court stated in *Featherstone* that, "[i]n order to waive the right to arbitrate, a party must know that he has the right to arbitrate and act inconsistently with that right, generally in a manner causing delay and prejudice to the opposing party." *Id.*, citing *Klatka v. Seabeck*, 2000 WL 1124067, *2 (9th Dist. Aug. 9, 2000). A party waives the right to arbitrate when it "does not promptly raise the arbitration provision before the trial court[.]" *Id.*

{¶23} Perfect Auto has not challenged its awareness of the arbitration agreement. The arbitration agreement was in the sales paperwork that Perfect Auto presented to the Clemens. It contends that it always intended to arbitrate the Clemens' claims, that it never waived or acted inconsistently with the right to arbitrate, and that the trial court abused its discretion when it denied its motion to stay and compel arbitration. Perfect Auto acknowledges that its motion was filed nearly ten months after its answer and it argues that this delay was caused by efforts to obtain new legal representation and was reasonable. It further maintains that its participation in the litigation was minimal and did not cause any prejudice to the Clemens.

{¶24} The Clemens argue that the trial court did not abuse its discretion when it found that Perfect Auto waived the right to arbitrate and denied its motion to stay and compel arbitration. They assert that Perfect Auto was aware of the arbitration agreement yet "act[ed] inconsistently with that right when it delayed in seeking to compel arbitration for 10 months after filing its Answer."

{¶25}  There is no dispute that the sales paperwork drafted by Perfect Auto included an arbitration agreement and that Perfect Auto was aware of this agreement. Despite its knowledge, Perfect Auto waited over 10 months after it was served with the complaint to file its motion to stay and compel arbitration. After obtaining leaves to plead, Perfect Auto filed an answer denying the material allegations of the complaint and setting forth numerous affirmative defenses. Arbitration is not a listed affirmative defense in Perfect Auto's answer.

{¶26}  Perfect Auto participated in a telephonic case management conference with the trial court and a case management schedule, including final pretrial and trial dates, were set. The case was referred to the court mediator and Perfect Auto participated in mediation. Perfect Auto and the Clemens jointly moved for an extension of the court's scheduling order deadlines after the mediator returned the case to the court. The Clemens then proceeded to notice depositions, serve requests for production of documents, and they disclosed their expert and expert report. The Clemens also filed a motion seeking a court order compelling Perfect Auto to respond to discovery requests. Perfect Auto filed its motion to stay and compel arbitration the day after the Clemens' filed their motion to compel discovery. Its motion was filed over ten months after it was served with the complaint and after its expert disclosure deadline had passed. Perfect Auto claims that it waited to file the motion to compel arbitration until it retained new counsel. Perfect Auto does not explain why the initial counsel could not have filed a motion to compel or why it is not responsible for the delay in retaining counsel who would move to compel arbitration. The motion to stay and compel arbitration is the first mention of the contractual right to arbitrate on the record.

{¶27}  Perfect Auto was aware of the arbitration agreement and despite its knowledge it actively participated for 10 months in preparing for litigation of the case rather than raising the arbitration agreement before the trial court. *See Montecalvo Elec.. Inc. v. Cluster Homes, Inc.*,

2003-Ohio-355, ¶ 20 (9th Dist.) ("this Court concludes that appellant waived its right to arbitration when it did not properly raise the arbitration provision before the trial court, but instead actively participated in preparing for litigation of the case."); *Austin v. Squire*, 118 Ohio App.3d 35, 37 (9th Dist. Jan. 29, 1997) (based on a "[r]eview of the record[,]" the appellant "waived the arbitration provision"). Perfect Auto's failure to timely raise the arbitration agreement caused the Clemens to expend time and money on the litigation. They participated in mediation, served discovery, noticed depositions, and obtained an expert and expert report. Based on the facts of this case, we cannot say that the trial court abused its discretion when it denied Perfect Auto's motion to stay and compel arbitration. Perfect Auto's second assignment of error is overruled.

### III.

{¶28} Perfect Auto's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

LARRY W. ZUCERMAN and S. MICHAEL LEAR, Attorneys at Law, for Appellant.

ELIZABETH A. WELLS and SCARLETT M. STEUART, Attorneys at Law, for Appellees.